UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NEIL SAYLOR,

      Petitioner,

v.

KIM CARGOR,

      Respondent.

_____/

Case No. 2:23-cv-13072
Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO
DISMISS (ECF No. 7), HOLDING IN ABEYANCE PETITION FOR A
WRIT OF HABEAS CORPUS (ECF No. 1), AND ADMINISTRATIVELY
CLOSING THE CASE**

Petitioner Brian Neil Saylor, incarcerated at Cotton Correctional Facility in

Jackson, Michigan, filed a petition for a writ of habeas corpus under 28 U.S.C. §

2254. ECF No. 1. Saylor challenges his convictions for assault with intent to commit

great bodily harm less than murder, failure to stop at the scene of an accident

resulting in serious impairment or death, and reckless driving causing serious

impairment of a body function. Respondent filed a motion to dismiss the petition on

the ground that it contains several claims that were not exhausted with the state

courts. ECF No. 7. In his response, Saylor asked this Court to allow him to return to

state court to exhaust his claims or, in the alternative, for leave to amend his petition.

ECF No. 9.

As discussed below, the motion to dismiss will be denied. In *lieu* of dismissing the petition without prejudice, this Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion to allow Saylor to exhaust these claims. If he fails to exhaust his claims as outlined, Saylor's petition will be dismissed without prejudice. This Court will also administratively close the case.

## I. BACKGROUND

Saylor's conviction arises out of a Memorial Day party in which he assaulted the victim by striking him with his pickup truck. ECF No. 8-12 at PageID.769. Saylor was convicted of the above offenses after a jury trial in the Genesee County Circuit Court. ECF No. 1 at PageID.1–2. The trial court sentenced Saylor as a fourth-offense habitual offender to serve 152 months to 35 years' imprisonment. *Id.* at PageID.1.

Following his conviction and sentence, Saylor filed a claim of appeal in the Michigan Court of Appeals, raising the following claims: (1) denial of his right to counsel of choice; (2) evidentiary error based on the improper admission of Rule 404(b) other acts evidence; (3) evidentiary error based on an unavailable witness; (4) insufficient evidence of assault with intent to commit great bodily harm; and (5) ineffective assistance of counsel for failure to object to witness testimony that improperly opined on Saylor's guilt and failing to object to the prosecutor's last question. ECF No. 8-12 at PageID.825–61. The Michigan Court of Appeals affirmed

Saylor's convictions. *People v. Saylor*, No. 351945, 2021 WL 5856350 (Mich. Ct. App. Dec. 9, 2021) (unpublished).

Saylor then filed an application for leave to appeal to the Michigan Supreme Court, in which he raised the same claims he raised in the Michigan Court of Appeals. ECF No. 8-13 at PageID.939–66. Saylor also added a new claim that appellate counsel had been ineffective. *Id.* at PageID.965. He also appears to have raised for the first time a claim that trial counsel was ineffective for failing to cross-examine the key prosecution witness with her prior preliminary examination testimony. *Id.* at PageID.964. On September 6, 2022, the Michigan Supreme Court denied Saylor leave to appeal. *People v. Saylor*, 978 N.W.2d 848 (Mich. 2022) (mem.).

Saylor filed a habeas petition with this Court on December 5, 2023, although the envelope for the petition is postmarked November 30, 2023. ECF No. 1 at PageID.21.[1] Saylor seeks habeas relief on the following claims: (1) right to counsel of choice; (2) evidentiary error based on the improper admission of Michigan Rule of Evidence 404(b) evidence; (3) evidentiary error based on an unavailable witness (Derrick Nelson); (4) insufficient evidence to support assault with intent to commit

---

[1] For purposes of calculating the statute of limitations for habeas petitions, the Court considers the petition filed on November 30, 2023, the date it was postmarked, rather than the date it was actually filed with the Court. *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

great bodily harm and whether Saylor was driving the vehicle; (5) ineffective assistance of counsel based on counsel's failure to properly cross-examine Cassandra Naracon and failure to ask the first three prosecution witnesses if the statements made in the police report were true and whether they could identify Saylor as the person in the vehicle; (6) ineffective assistance of appellate counsel for failing to raise Rule 404(b) claim; and (7) prosecutorial misconduct when the prosecutor failed to provide Saylor with a copy of its brief filed in the appellate court, failed to provide information coinciding with transcripts, and Saylor was not able to present a defense in the appellate court.[2] ECF No. 1 at PageID.5–19.

Respondent moved to dismiss the petition on the ground that three of Saylor's claims have not been exhausted with the state courts. ECF No. 7.

## II. STANDARD OF REVIEW

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The issue

---

[2] This Court combines Saylor's two sufficiency-of-evidence claims because both claims allege that there was insufficient evidence to establish his identity as the driver. *See* ECF No. 1 at PageID.10, 16.

of exhaustion "is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, the federal district court must review each claim for exhaustion before reviewing the claims on the merits. *Id.*

### III.   ANALYSIS

Saylor did not raise his fifth (ineffective assistance of trial counsel), sixth (ineffective assistance of appellate counsel), or seventh (prosecutorial misconduct) claims in his appeal of right before the Michigan Court of Appeals, ECF No. 8-12 at PageID.825–62, nor did he raise the majority of his fifth and seventh claims in his application for leave to appeal with the Michigan Supreme Court, ECF No. 8-13 at PageID.940–66.

Saylor did raise his sixth claim alleging the ineffective assistance of appellate counsel for the first time before the Michigan Supreme Court. *Id.* at PageID.965. In his application for leave to appeal to the Michigan Supreme Court, he also raised a portion of his fifth claim that trial counsel was ineffective for failing to properly cross-examine Cassandra Naracon, ECF No. 8-13 at PageID.967, although he did not raise a claim involving trial counsel's failure to ask the first three prosecution witnesses if the statements made in the police report were true and whether they could identify Saylor as the person in the vehicle. *See generally* ECF No. 8-13.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Saylor failed to present a portion of his fifth claim and his sixth claim on his direct appeal with the Michigan Court of Appeals. Thus, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

Although Saylor did claim in his appeal of right that trial counsel was ineffective for failing to object to improper opinion testimony, ECF No. 8-12 at PageID.859, that is not sufficient to exhaust the ineffective assistance of trial or appellate counsel claims he raises in his habeas petition which are based on different factual grounds.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the

purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)). Saylor's claim that trial counsel was ineffective for failing to properly cross-examine the key witness by impeaching her with her prior preliminary examination testimony or to question the other witnesses was never fairly presented to the Michigan Court of Appeals because this ineffective assistance of counsel claim is different than the ineffective assistance of counsel claim involving counsel's failure to object to opinion testimony that was presented to the Michigan Court of Appeals. *See Caver v. Straub*, 349 F.3d 340, 346–47 (6th Cir. 2003) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).

Additionally, although not argued by Respondent in the motion to dismiss, this Court notes that Saylor's sufficiency of evidence arguments that he raises here are different than the sufficiency of evidence arguments raised in the state courts. Saylor argues in his petition that there is insufficient evidence to establish his identity as the driver of the truck who struck the victim in this case. ECF No. 1 at PageID.10, 16. In the state courts, however, Saylor argued that there was insufficient evidence that his driving caused serious bodily impairment to the victim and that

there was insufficient evidence that Saylor intended to inflict great bodily harm less than murder. ECF Nos. 8-12 at PageID.852–58; 8-13 at PageID.952–53. Saylor did not argue before the Michigan Court of Appeals or Michigan Supreme Court that there was insufficient evidence to establish his identity as the driver. ECF Nos. 8-12; 8-13.

"[I]nsufficiency of the evidence is too broad and malleable an objection" to hold that challenging the sufficiency of the evidence on one theory in the state courts is enough to preserve for federal habeas review a challenge to the sufficiency of evidence on a factually and legally distinct theory never fairly presented to the state courts. *See Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001). Saylor's claim that there was insufficient evidence to show that he was the driver was not fairly presented to the Michigan Court of Appeals or the Michigan Supreme Court on his direct appeal. It is different than the sufficiency of evidence claims that he exhausted on his direct appeal. *See, e.g.*, *Moore v. Steward*, 948 F. Supp. 2d 826, 838 (W.D. Tenn. 2013). Although Respondent did not argue that Saylor's insufficiency of evidence claim was unexhausted, the failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Saylor therefore has four claims in his petition that were not exhausted with the state courts.

- 8 -

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Saylor has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a postconviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner*, 581 F.3d at 419. Saylor can exhaust these claims by filing a postconviction motion for relief from judgment with the Genesee County Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997); *see also Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (noting proper exhaustion requires appealing denial of a postconviction motion to the Michigan Court of Appeals and then the Michigan Supreme Court).

This Court's concern in dismissing the current petition is the possibility that Saylor might be prevented under the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts. Abating a habeas petition may be appropriate when the original petition was timely filed, but a second, exhausted

habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002). A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272–78 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court postconviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Id.* at 278.

Saylor's claims do not appear to be "plainly meritless." *Wagner v. Smith*, 581 F.3d at 419. Further, Saylor could assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, nn.4–5. Saylor also has good cause for failing to properly raise any ineffective assistance of appellate counsel claim earlier because state postconviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that

Saylor does not delay in exhausting his state court remedies, this Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Saylor must present his claims in state court by filing a postconviction motion for relief from judgment with the state trial court within sixty (60) days from the date of this Order. Further, he must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. "If [the conditions] of the stay [are] not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the motion to dismiss the petition for a writ of habeas corpus, ECF No. 7, is **DENIED**.

It is further **ORDERED** that Saylor's request to hold the petition in abeyance, ECF No. 8, is **GRANTED**. Saylor may file a postconviction motion for relief from judgment with the state trial court **within sixty (60) days from the date of this Order**. If Saylor fails to file a motion for relief from judgment with the state courts by that date, this Court will dismiss his petition without prejudice.

If Saylor files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the Saylor's exhaustion of the claims. Saylor shall file a motion

to lift the stay using the above caption and case number (2:23-cv-13072) within **sixty (60) days after the conclusion of the state court postconviction proceedings**. He is free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Esters v. Schiebner*, 591 F. Supp. 3d 218, 221 (E.D. Mich. 2021).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, this Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 10/23/2024